```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


PETE OLEAN,

        Plaintiff,

v.                                        Civil Action No. 1:10CV61
                                                   (STAMP)
HUNTINGTON BANCSHARES, INC.,
an Ohio corporation doing business
in the State of West Virginia,
HUNTINGTON NATIONAL BANK,
an Ohio corporation doing business
in the State of West Virginia,
WEST UNION BANK,
a West Virginia state chartered bank doing
business in the State of West Virginia,
FREEDOM BANK, INC.,
a West Virginia state chartered bank doing
business in the State of West Virginia,
and JOHN DOE DEFENDANT BANK,
a West Virginia state chartered bank doing
business in the State of West Virginia,

        Defendants,

and

FREEDOM BANK, INC.,
a West Virginia state chartered bank doing
business in the State of West Virginia,
and WEST UNION BANK,

        Third Party Plaintiffs,

v.

JOHN AMAN,

        Third Party Defendant.
```

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT HUNTINGTON BANCSHARES, INC.
### AND DEFENDANT HUNTINGTON NATIONAL BANK'S MOTION TO SEVER;
### GRANTING PLAINTIFF'S MOTION TO REMAND; AND
### DENYING WITHOUT PREJUDICE DEFENDANT WEST UNION BANK'S
### MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST JOHN P. AMAN

## I. Procedural History

The plaintiff filed this civil action in the Circuit Court of Monongalia County, West Virginia against the above-named defendants alleging fraud, negligence, and conversion. On April 12, 2010, the defendants filed a notice of removal in this Court based upon diversity jurisdiction. Defendant Huntington Bancshares, Inc. and defendant Huntington National Bank (collectively, "the Huntington defendants") filed a motion to sever, arguing fraudulent misjoinder. The plaintiff then filed a motion to remand to which defendant the Huntington defendants responded. The plaintiff then filed a reply. Thereafter, defendant West Union Bank filed a motion for entry of default and for entry of default judgment against third party defendant John P. Aman. The Clerk entered default against Aman pursuant to Rule 55(a).

Having reviewed the parties' pleadings and the relevant law, this Court finds that the plaintiff properly joined the defendants. Accordingly, diversity jurisdiction does not exist and the plaintiff's motion for remand must be granted and the Huntington defendants' motion to sever must be denied.[1]

## II. Facts

The plaintiff banked with defendant Huntington National Bank. Third party defendant John Aman, an employee of the Huntington

---

[1] This Court finds it necessary to rule on the motion to sever in order to rule on the motion to remand.

defendants from 2003 to May 2005 held a limited power of attorney for the plaintiff. The plaintiff states that the Huntington defendants owed him a fiduciary duty and a duty of good faith and fair dealing. The plaintiff alleges that Aman fraudulently applied for and received several loans from the Huntington defendants in the plaintiff's name without the plaintiff's consent. The plaintiff states that the Huntington defendants inappropriately approved these loans and distributed a substantial amount of money to Aman, which constituted fraudulent conduct. The plaintiff also states that the Huntington defendants were negligent in not conducting due diligence into the loan applications prior to approval. The plaintiff further believes that the Huntington defendants breached their duty in using reasonable care in hiring, supervising, and retaining Aman. The plaintiff also alleges conversion against the Huntington defendants. The plaintiff contends that Aman received the loan money and then the Huntington defendants sought to enforce repayment upon the plaintiff. The plaintiff states that the Huntington defendants inappropriately took possession of stock certificates belonging to the plaintiff as security for the loans. Aman moved his banking business to West Union Bank in May 2005. There, the plaintiff states that Aman took out more loans in the name of the plaintiff from West Union Bank to repay the Huntington loans. Aman also took out loans from Freedom Bank to pay off West Union Bank. To secure the Freedom Bank loans,

Aman pledged stock certificates owned by the plaintiff. The Freedom Bank loans went into default and Freedom Bank sold the stock used to secure those loans. The repayment on the Freedom Bank loans was $293,391.09. The stock was sold for $245,054.89. A balance remains of $46,392.55. The plaintiff also alleges fraud, negligence and conversion against West Union Bank and negligence and conversion against Freedom Bank. The plaintiff states that the Huntington defendants and West Union Bank are vicariously liable for the actions of Aman. Finally, the plaintiff alleges fraud, negligence, and conversion against a John Doe defendant bank. The Huntington defendants have diverse citizenship from the plaintiff, but the other bank defendants do not.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is

strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

IV. Discussion

In its pleadings in support of remand, the plaintiff argues that diversity jurisdiction is absent because the parties are not completely diverse. The Huntington defendants, in their response to the motion to remand and in their motion to sever, contend that the plaintiff fraudulently misjoined the other non-diverse defendant banks to defeat diversity jurisdiction. Under this doctrine, the district court may sever the claims against misjoined non-diverse parties "to remand the severed claims between the non-diverse parties, and to retain jurisdiction over the claims between the diverse parties." Ryan Envtl., Inc. v. Hess Oil Co., Inc., --- F. Supp. 2d ----, 2010 WL 2264907, *7 (N.D. W. Va. June 2, 2010).

Analysis of whether the plaintiff's claims are properly joined is confined to the requirements of Federal Rule of Civil Procedure ("Rule") 20(a). Id.; see also John S. Clark, Co., Inc. v. Travelers Indem. Co. of Ill., 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004) ("[F]ederal courts have uniformly held that misjoinder occurs when a single party or multiple parties fail to satisfy the conditions for permissive joinder set forth in [Rule] 20(a)."). Rule 20(a) "imposes two specific requisites to the joinder of parties (1) a right to relief must be asserted out of the same transaction or occurrence; and [(2)] some question of law or fact

5

common to all the parties will arise in the action." Ryan Envtl., 2010 WL 2264907 at *7 (quoting Ashworth v. Albers Med. Inc., 395 F. Supp. 2d 395, 411 (S.D. W. Va. 2005)).

The Huntington defendants urge this Court to adopt the conclusion of the court in Hughes v. Sears, Roebuck and Co., 2009 WL 2877424 (N.D. W. Va. Sept. 3, 2009). In Hughes, the plaintiff fell off of a treadmill purchased from Sears. Id. at *1. The plaintiff then went to an emergency room, where the physician allegedly mis-diagnosed her injuries. Id. The plaintiff brought one action against Sears and the treadmill's manufacturer for products liability and the physician for medical malpractice. Id. In that case, the court held that the same transaction or occurrence prong was not met as the evidence supporting the products liability claim would be "markedly different" from the evidence supporting the medical malpractice claim. Id at *6. The court also found that there were no common questions of law or fact. Id. The allegations of products liability in the complaint against Sears and the manufacturer were legally and factually distinct from the allegations of medical malpractice in the complaint against the physician. Id.

This Court finds that the facts of the present case can be distinguished from those in Hughes. In his complaint, the plaintiff alleges the same claims against all of the defendants -- fraud, negligence, and conversion. The plaintiff alleges that the

6

defendants repeatedly disbursed funds to Aman in the plaintiff's name without the plaintiff's knowledge or consent. Further, the collateral for the transactions was the plaintiff's stock. This Court finds that the plaintiff has alleged more than distinct and unrelated acts by unrelated defendants. The Huntington defendants made the first loans. The other defendant banks then made loans to Aman in order to pay off the Huntington defendant loans. The Huntington defendants accepted the proceeds of these loans in satisfaction of the original loans. The Huntington defendants argue that the loans cannot be considered to arise out of the same series of transactions or occurrences because the loans were not made contemporaneously. This Court does not agree. This Court finds that the repeated, allegedly fraudulent, disbursements of loans by the defendant banks are inextricably intertwined and accordingly arise from the same series of transactions or occurrences.

This Court also finds that there is at least one common question of law or fact. As mentioned above, the claims against the defendant banks are identical. The plaintiff alleges that all of the defendant banks wrongfully loaned money to Aman without the plaintiff's knowledge or consent. A common question presented by the plaintiff is the propriety of the banks' reliance on the limited power of attorney presented by Aman. The Huntington defendants contend that the defendants must have colluded for

7

joinder to be appropriate.  There is no requirement in Rule 20 that for permissive joinder, the plaintiff must show that the defendants acted in concert.  Accordingly, this Court finds that there is at least one common question of law or fact.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED and defendant Huntington Bancshares, Inc. and Huntington National Bank's motion to sever is DENIED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Monongalia County, West Virginia.  Further, because this Court has determined that it lacks subject matter jurisdiction, defendant West Union Bank's motion for entry of default judgment against John P. Aman is hereby DENIED WITHOUT PREJUDICE to the defendants raising the same issue before the Circuit Court of Monongalia County, West Virginia.[2]  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Monongalia County, West Virginia.  Pursuant to

---

[2] This Court declines to vacate the entry of default so that the Circuit Court of Monongalia County can consider the validity of default when deciding the motion for default judgment.

8

Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     July 28, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
